STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER LANE, DVM, and | § | |
| REBECCA BLACKWOOD, DVM, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:12-CV-00639 |
| SCOTT & WHITE HEALTHCARE; | § | |
| SCOTT & WHITE CLINIC; | § | |
| SCOTT and WHITE MEMORIAL | § | |
| HOSPITAL; and SCOTT, SHERWOOD | § | |
| AND BRINDLEY FOUNDATION; and | § | |
| RICHARD BESWICK, PHD, MBA, | § | |
|     Defendants. | § | |
| | § | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE LEE YEAKEL:

    COME NOW Defendants, Scott & White Healthcare, Scott & White Clinic, Scott and White Memorial Hospital, Scott, Sherwood and Brindley Foundation (now Scott & White Memorial Hospital), and Dr. Richard Beswick ("Defendants"); and pursuant to Federal Rule of Civil Procedure 7(a)(2), file the following Answer in the above-entitled and styled case. Defendants' Answer corresponds with the enumerated paragraphs in Plaintiffs' First Amended Complaint.

1.    Defendants admit that Plaintiffs have complained about Scott & White Healthcare, Scott & White Clinic, Scott & White Memorial Hospital,  Scott, Sherwood and Brindley Foundation and Dr. Richard Beswick, though Defendants maintain that Plaintiffs have, in part, incorrectly named these parties.

## I.  PARTIES

2.      Defendants admit the allegation in Paragraph 2 of Plaintiffs' First Amended Complaint that Plaintiff Jennifer Lane is a natural person.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation that Plaintiff Jennifer Lane is a resident of Middlesex County, Massachusetts, and therefore such allegation is denied.

3.      Defendants admit the allegation in Paragraph 3 of Plaintiffs' First Amended Complaint that Plaintiff Rebecca Blackwood is a natural person.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation that Plaintiff Rebecca Blackwood is a resident of Bell County, Texas, and therefore such allegation is denied.

4.      Defendants admit the allegations in Paragraph 4 of Plaintiffs' First Amended Complaint.

5.      Defendants deny the allegations in Paragraph 5 of Plaintiffs' First Amended Complaint because Plaintiffs have incorrectly identified this entity.

6.      Defendants admit the allegations in Paragraph 6 of Plaintiffs' First Amended Complaint.

7.      Defendants admit the allegations in Paragraph 7 of Plaintiffs' First Amended Complaint that the various Scott & White entities may be served through Jimmy Carroll at the registered office, but Defendants otherwise deny Plaintiffs' averments, which incorrectly name/describe the Scott & White entities' names.

## II. JURISDICTION AND VENUE

8.      Based on information and belief, Defendants deny the allegations in Paragraph 8 of Plaintiffs' First Amended Complaint that this court has subject matter jurisdiction over this lawsuit.

9.      Defendants admit the allegations in Paragraph 9 of Plaintiffs' First Amended Complaint, that venue is proper in this Court because Defendants reside in the Western District of Texas and a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Texas, but Defendants deny that the Austin Division is the most convenient venue for the parties and witnesses involved in this lawsuit.

## III.    FACTS

10.     Defendants deny the allegations in Paragraph 10 of Plaintiffs' First Amended Complaint.  **Moreover, Defendants deny any and all averments in Plaintiffs' First Amended Complaint against Scott & White Healthcare in which Plaintiffs refer to Scott & White Healthcare as "Scott & White" and/or "they," because Scott & White Healthcare is an improper defendant herein.  To the extent Defendants respond to Plaintiffs' allegations against "Scott & White" or "they" in reference to Scott & White, Defendants are referring to Scott & White Memorial Hospital and/or Scott & White Clinic, not Scott & White Healthcare.**

11.     Defendants deny the allegations in Paragraph 11 of Plaintiffs' First Amended Complaint.

12.     Defendants deny the allegations in Paragraph 12 of Plaintiffs' First Amended Complaint other than the third sentence, which Defendants admit.

3

13.     Defendants deny the allegations in Paragraph 13 of Plaintiffs' First Amended Complaint.

14.     Defendants deny the allegations in Paragraph 14 of Plaintiffs' First Amended Complaint, except to admit that Plaintiffs were hired to satisfy the federal requirements of veterinary care and ensure an existing program of compliance across the Temple Research Facilities for the treatment of laboratory animals.

15.     Defendants deny the allegations in Paragraph 15 of Plaintiffs' First Amended Complaint.

16.     Defendants admit the allegations in the first sentence of Paragraph 16 of Plaintiffs' First Amended Complaint.  Defendants deny the second sentence of this paragraph.

17.     Defendants admit that Dr. Beswick was in part responsible and supervised research but deny that Dr. Beswick managed research, as averred in the first sentence of this paragraph.  Defendants admit the second sentence of this paragraph.

18.     Defendants admit the allegations in Paragraph 18 of Plaintiffs' First Amended Complaint.

19.     Defendants admit the allegations in Paragraph 19 of Plaintiffs' First Amended Complaint.

20.     Defendants admit the allegations in the first sentence of Paragraph 20 of Plaintiffs' First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation in the second sentence of Paragraph.  Defendants admit the third sentence of this paragraph.

21.    Defendants admit the allegations in Paragraph 21 of Plaintiffs' First Amended Complaint.

22.    Defendants admit the allegations in Paragraph 22 of Plaintiffs' First Amended Complaint.

23.    Defendants admit the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.    Defendants admit the allegations in Paragraph 24 of Plaintiffs' First Amended Complaint, except that Defendants deny that the Assurance was submitted through Veterans Health Care.

25.    Defendants admit the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint.

26.    Defendants admit the first sentence of Paragraph 26 of Plaintiffs' First Amended Complaint, except to deny that the local practitioner possessed no animal laboratory research experience.  Defendants deny the allegations in the second sentence of this paragraph.

27.    Defendants deny the allegations in Paragraph 27 of Plaintiffs' First Amended Complaint.

28.    Defendants deny the Paragraph 28 of Plaintiffs Original Complaint.

29.    Defendants deny the allegations in Paragraph 29 of Plaintiffs' First Amended Complaint.

30.    Defendants admit the allegations in the first three sentences of Paragraph 30 of Plaintiffs' First Amended Complaint, except that Defendants deny the portions of this

paragraph that claim that Plaintiffs possessed experience with a "variety of species." Defendants deny the final sentence of this paragraph.

31.    Defendants deny the allegations in Paragraph 31 of Plaintiffs' First Amended Complaint.

32.    Defendants admit the allegations in Paragraph 32 of Plaintiffs' First Amended Complaint.

33.    Defendants admit the allegations in Paragraph 33 of Plaintiffs' First Amended Complaint.

34.    Defendants deny the allegations in the first sentence of Paragraph 34 of Plaintiffs' First Amended Complaint that aver that Plaintiffs were "promised" anything. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of Paragraph 34 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

35.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

36.    Defendants deny the allegations in Paragraph 36 of Plaintiffs' First Amended Complaint.

37.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

38.     Defendants deny the first sentence in Paragraph 38 of Plaintiffs' First Amended Complaint.  Defendants admit the second sentence of this paragraph.  Defendants deny the third and fourth sentences of this paragraph.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

41.     Defendants deny the first sentence in this paragraph.  Defendants admit the second sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph.  Defendants admit the final sentence of this paragraph.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

44.     Defendants deny the first sentence of this paragraph except to admit that Researcher C was silent during the event.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph except to admit that the Researcher referred to Dr. Lane as "unstable."  Defendants deny the averments in the remainder of this paragraph.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of Plaintiffs' First Amended Complaint.

50.     Defendants admit the first sentence of this paragraph only to the extent that there exist policies which speak to Human Resources input on disciplinary matters; Defendants otherwise deny the allegations in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiffs' First Amended Complaint.

52.     Based on information and belief, Defendants admit the allegations in the first sentence of Paragraph 52 of Plaintiffs' First Amended Complaint, except that Defendants deny that Plaintiff was terminated.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of this paragraph.  Defendants admit the allegations in the fourth sentence except that Defendants lack knowledge or information sufficient to form a belief about the date

identified in this sentence.   Defendants deny the fifth sentence in this paragraph. Defendants admit the sixth sentence of this paragraph.   Defendants admit the final sentence of this paragraph**.**

53.   Defendants deny the first three sentences of this paragraph.   Defendants lack knowledge or information sufficient to form a belief about verbatim quoted words identified in the fourth sentence but admit that a conversation took place, though Defendants deny that the context of the conversation involved compliance issues. Defendants deny the fifth and sixth sentences of this paragraph.

54.   Defendants deny the allegations in the first two sentences of Paragraph 54 of Plaintiffs' First Amended Complaint, except to admit only that Dr. Blackwood served as Interim Attending Veterinarian.  Defendants deny the remainder of this paragraph.

55.   Defendants deny the allegations in Paragraph 55 of Plaintiffs' First Amended Complaint.

## IV.   CAUSES OF ACTION

### A.   Breach of Contract

56.   Defendants deny the allegations in Paragraph 56 of Plaintiffs' First Amended Complaint.

57.   Defendants deny the allegations in Paragraph 57 of Plaintiffs' First Amended Complaint.

58.   Defendants deny the allegations in Paragraph 58 of Plaintiffs' First Amended Complaint.

59.   Defendants deny the allegations in Paragraph 59 of Plaintiffs' First Amended Complaint.

60.    Defendants deny the allegations in Paragraph 60 of Plaintiffs' First Amended Complaint.

**B.    Section 1983**

61.    Defendants deny the allegations in Paragraph 61 of Plaintiffs' First Amended Complaint.

62.    Defendants admit that Dr. Beswick was Assistant Dean for Research but otherwise deny the allegations in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.    Defendants deny the allegations in Paragraph 63 of Plaintiffs' First Amended Complaint.

64.    Defendants deny the allegations in Paragraph 64 of Plaintiffs' First Amended Complaint.

65.    Defendants deny the allegations in Paragraph 65 of Plaintiffs' First Amended Complaint.

66.    Defendants deny the allegations in Paragraph 66 of Plaintiffs' First Amended Complaint.

67.    Defendants deny the allegations in Paragraph 67 of Plaintiffs' First Amended Complaint.

68.    Defendants deny the allegations in Paragraph 68 of Plaintiffs' First Amended Complaint.

69.    Defendants deny the allegations in Paragraph 69 of Plaintiffs' First Amended Complaint.

70.    Defendants deny the allegations in Paragraph 70 of Plaintiffs' First Amended Complaint.

### C.      Quantum Meruit

71.     Defendants deny the allegations in Paragraph 71 of Plaintiffs' First Amended Complaint.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiffs' First Amended Complaint.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiffs' First Amended Complaint.

74.     Defendants deny the allegations in Paragraph 74 of Plaintiffs' First Amended Complaint.

### D.      Attorney's Fees

75.     Defendants are not required by Rule 8 to admit or deny Paragraph 75, but to the extent an admission or denial is required, Defendants deny Plaintiffs are entitled to recover attorneys' fees in this matter.

### V.      CONDITIONS PRECEDENT

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of Plaintiffs' First Amended Complaint, and therefore said allegations are denied.

### VI.      JURY TRIAL

77.     Defendants are not required by Rule 8 to admit or deny Paragraph 77.

### 75. PRAYER

78.      Defendants are not required by Rule 8 to admit or deny Plaintiffs' Prayer for Relief, but to the extent an admission or denial is required, Defendants deny Plaintiffs are entitled to recover damages or any other relief requested.

11

## DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

1.      Based upon information and belief, this Court lacks subject matter jurisdiction over this lawsuit.

2.      The Austin Division is not the most convenient venue for the parties and key witnesses involved in this lawsuit.

3.      Plaintiffs have failed to state a claim upon which relief can be granted.

4.      Defendants deny Dr. Richard Beswick is a state actor or acted under color of State law, but in the unlikely event the Court finds Dr. Beswick is a state actor, Dr. Beswick is entitled to qualified immunity under 42 U.S.C. §1983 because he acted under the objectively reasonable belief that his actions were within the scope of his official capacity and did not violate Plaintiffs' clearly established rights.

5.      Scott & White Healthcare, Scott & White Clinic, Scott & White Memorial Hospital and Scott, Sherwood and Brindley Foundation's alleged actions may not be deemed State actions for purposes of 42 U.S.C. §1983 or any constitutional action, but in the unlikely event the Court finds Defendants' actions may be deemed State actions, Defendants are entitled to sovereign immunity.

6.      Plaintiffs are unable to demonstrate a violation of a right secured by the Constitution or laws of the United States.  In particular, Plaintiffs are unable to establish that they possessed a protected property interest in continued employment.

7.      Plaintiffs were employees-at-will, and Texas law permitted that Plaintiffs' employment be terminated at any time with or without cause.  Plaintiffs and Defendants did not enter into employment contracts that altered the employment-at-will doctrine.

8.    Defendants had legitimate and non-retaliatory reasons for terminating Plaintiffs' employment.

<b><u>DEFENDANTS' JURY DEMAND</u></b>

Defendants hereby request a jury trial.

<b><u>DEFENDANTS' PRAYER</u></b>

WHEREFORE, PREMISES CONSIDERED, Defendants request Plaintiffs take nothing of and from this suit; that Defendants be entitled to all attorneys' fees, expert fees and costs of court; and for such other relief, both at law and in equity, to which Defendants may show themselves justly entitled.

<b><u>DEFENDANTS' RESERVATION OF RIGHTS</u></b>

To the extent permitted by law, Defendants reserve their rights to supplement and amend this Answer and to assert defenses and affirmative defenses as future discovery may warrant and require.

Respectfully Submitted,


GERMER GERTZ BEAMAN & BROWN, L.L.P.
301 Congress Ave, Suite 1700
Austin, Texas 78701
(512) 472-0288
(512) 472-9280 (Fax)

By: _____
R. Chad Geisler
State Bar No. 00793793
Missy Atwood
State Bar No. 01428020
Ryan Bueche
State Bar No. 24064970

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

Donald R. Taylor
Isabelle M. Antongiorgi
TAYLOR DUNHAM, LLP
301 Congress Ave., Suite 1050
Austin, Texas 78701

R. Chad Geisler/Ryan C. Bueche

14